IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN HUBBS,

    Plaintiff,                      No. CIV S-04-2256 GEB DAD P

    vs.

STEVEN MAYBERG,

    Defendant.                   FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a civil detainee proceeding pro se with this civil rights action. The matter is before the court on defendant's motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

       Plaintiff is confined in Atascadero State Hospital. His complaint concerns fees imposed for copying patient records. On November 5, 2004, the court granted plaintiff leave to proceed in forma pauperis and authorized service of the complaint on defendant Mayberg, the director of the California Department of Mental Health. On December 22, 2004, defendant Mayberg filed his motion to dismiss. Plaintiff failed to file opposition as required by the court's November 23, 2004 order and Local Rule 78-230(m). On March 7, 2005, the court granted plaintiff a final eighteen days to oppose defendant's motion. Plaintiff filed his opposition on March 24, 2005, and defendant filed a reply on March 30, 2005.

PLAINTIFF'S COMPLAINT

Plaintiff alleges that defendant Mayberg has used the authority of his office as director of the Department of Mental Health ("DMH") to take money from the trust accounts of plaintiff and other DMH patients in violation of the California Constitution and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

Plaintiff alleges that an unconstitutional taking occurred after he submitted a written request for a copy of a medical record in his patient's file. Plaintiff states that he made the request on a standard form on which he agreed to pay $.10 per page, the fee previously charged by the DMH for copy services pursuant to California Civil Code § 1798.33. Plaintiff alleges that the DMH charged him $.25 per page for a copy of the document and withdrew funds from his patient's trust account accordingly. Plaintiff contends that the DMH increased the fee from $.10 to $.25 without promulgating or posting the change in compliance with the state's Administrative Procedures Act.

Plaintiff used the patient complaint system to challenge the withdrawal of funds from his trust account in excess of $.10 per page. DMH officials refused to issue a refund, citing California Health and Safety Code § 123100 and DMH Special Order #501.1. Plaintiff acknowledges that § 123100 of the Health and Safety Code and Special Order #501.1 authorize a maximum fee of $.25 per page for copying, and he concedes that § 1798.33 of the California Civil Code permits state agencies to enact a fee in excess of $.10. He contends, however, that the DMH special order misstates and inaccurately cites state statutes as a basis for justifying the increased fee. He argues that California Health and Safety Code § 123100 merely permits, but does not require, a statutory fee in excess of the 10 cents per page maximum mandated by California Civil Code § 1798.33 and that the latter statute controls the fee that may be charged by the DMH for copying patient records.

In a section of the complaint titled "Declaration," plaintiff alleges that he was never informed by any means that the DMH had raised the cost of copies to $.25 per page and

that the DMH would deduct such an amount from his patient trust account. The court notes that neither plaintiff's statement nor his complaint is declared to be true under penalty of perjury. The lack of notice alleged by plaintiff is contradicted by attachments to the complaint. A copy of a form GA 20.1 HIMD with a revision date of January 2002 indicates a charge of $.10 per page for photocopies, but a copy of the form GA 20.1 HIMD submitted by plaintiff on August 11, 2004, bears a revision date of July 2004 and indicates a charge of $.25 per page. It appears that plaintiff altered the form by writing "10" over "25."

Plaintiff seeks the following relief: a refund of all monies taken from his trust account in excess of $.10 per page for copies; interest on the amount refunded; unspecified costs and fees in the amount of $1,500.00; punitive damages in the amount of $2,500.00; attorney fees and costs; and an injunction requiring the DMH to cease charging a copy fee in excess of $.10 per page and to implement all rules and regulations in accordance with state law.

## THE PARTIES' ARGUMENTS

Defendant Mayberg seeks dismissal of the complaint pursuant to Rule 12(b)(1) on the ground that this action is barred by the Eleventh Amendment to the extent that the defendant has been sued in his official capacity as director of the DMH. Defendant cites plaintiff's jurisdictional statement, indicating that defendant Mayberg "is being sued in both his individual and in his official capacity" based on his actions as director of the DMH. Defendant also cites plaintiff's prayer for relief, seeking damages for the alleged unconstitutional taking of his property as a result of defendant Mayberg's having personally authorized the overcharging of copying fees without legal authority.

Defendant seeks dismissal of the complaint pursuant to Rule 12(b)(6) on the ground that the pleading fails to state a claim upon which relief can be granted. Defendant acknowledges that state law may create enforceable property rights but asserts that the alleged violation of state law in this case does not provide a basis for a § 1983 action because the laws at issue do not create a federally enforceable, constitutionally protected property right. Defendant

argues that plaintiff has no constitutional right to receive copies of records from his patient's file at 10 cents per page pursuant to California Civil Code § 1798.33 rather than at 25 cents per page as assessed at Atascadero State Hospital. Defendant contends that California Health and Safety Code § 123110(b) authorizes the 25-cent per page fee as an exception to the 10-cent per page fee established by California Civil Code § 1798.33. Defendant argues that the complaint also fails to state a claim under the California Constitution because plaintiff has set forth no actual wrong attributable to defendant Mayberg.

Defendant contends that he is shielded from liability for civil damages because his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant argues that he is entitled to qualified immunity for all good faith actions performed in the scope of his discretion. Defendant asserts that Special Order No. 501.1 was issued in good faith reliance on standard operating procedures as well as good faith supervision and delegation of duties to subordinates and good faith promulgation of rules and regulations.

Defendant contends that plaintiff has not properly asserted a claim for equitable relief because he has presented the request only in the "Relief Requested" section of the complaint. Defendant argues that equitable relief is inappropriate in any event because such relief is intended to address and affect the behavior and relationship of the parties in the future rather than as a means of adjudicating past conduct. Defendant views plaintiff's action as a mere property claim arising out of past conduct.

In opposition, plaintiff argues that defendant has caused his agents to collect fees in excess of the fee authorized by Civil Code § 1798.33 and that defendant acted without following the requirements of state law. Plaintiff asserts that he is entitled to seek injunctive relief for the purpose of ending defendant's enforcement of an unlawful collection procedure as well as damages in the form of a refund of the fees unlawfully collected pursuant to defendant's Special Order No. 501.1.

In response to defendant's Eleventh Amendment argument, plaintiff argues that a state's sovereign immunity does not bar actions for injunctive and declaratory relief and that a suit for money damages may be prosecuted against a state officer in his individual capacity for any wrongful action attributable to that officer.

Plaintiff argues that charging an amount in excess of 10 cents per page constitutes an unlawful taking of property in violation of plaintiff's constitutional rights to due process and equal protection. Plaintiff contends that Civil Code § 1798.33 provides that no fee greater than 10 cents per page can be collected by any state agency, notwithstanding the authorization of a fee of up to 25 cents pursuant to Health and Safety Code § 123110. Plaintiff disputes defendant's authority to implement and enforce a directive without complying with the Administrative Practices Act. Plaintiff contends that his complaint does not fail to state a claim upon which relief may be granted.

In response to the assertion of qualified immunity, plaintiff states that it is possible defendant Mayberg was personally ignorant of the law until plaintiff sent him a letter challenging the excessive fee but was not unaware of the law thereafter. Plaintiff contends that in the mid-1990's the California Department of Corrections similarly began to charge inmates 25 cents per page for copies but was forced to stop when courts found the practice to be in violation of Civil Code § 1798.33. According to plaintiff, the courts declared the Department of Corrections to be in violation of the law and granted injunctive relief to the inmates. Plaintiff argues that defendant Mayberg and the state's attorneys had no excuse for not knowing the law and clearly chose to disregard the applicable statute and the Administrative Procedures Act. Plaintiff contends that defendant's assertion of qualified immunity must be rejected because the unlawfulness of his conduct was apparent under then existing law.

In response to defendant's assertion that plaintiff is not entitled to equitable relief because he failed to plead it properly, plaintiff notes that he is a civil detainee in the custody of the defendant and that he is indigent and proceeding without counsel. Plaintiff argues that

defendant's argument concerning the manner in which he requested injunctive relief has no merit because the alternate form of relief suggested by defendant is not available to him.

In his reply, defendant reiterates that this suit is barred by the Eleventh Amendment because plaintiff has sued defendant Mayberg for acts undertaken in his official capacity under express statutory authorization. Defendant argues that Civil Code § 1788.33 permits an agency to establish a copy fee in excess of 10 cents per page by statute, and that Health and Safety Code § 123110(b) is a statute that establishes such a fee. Describing plaintiff's argument as an attempt to confound the straightforward operation of two statutes, defendant asserts that plaintiff's complaint is baseless, runs contrary to the plain meaning of the laws, and fails to state a claim. Describing plaintiff's interpretation of the statutes as defective, defendant asserts that he is entitled to qualified immunity as a matter of law because plaintiff can cite no case law showing that Health and Safety Code § 123110(b) is unreasonable. Defendant asserts that plaintiff has conceded he is not entitled to equitable relief because he seeks redress for past damages.

## ANALYSIS

I. Rule 12(b)(1) of the Federal Rules of Civil Procedure

A motion brought pursuant to Rule 12(b)(1) is a challenge to the court's jurisdiction over the subject matter of the complaint. When deciding such a motion, the court must view favorably all facts alleged to support jurisdiction. See McNatt v. Apfel, 201 F.3d 1084, 1087 (9th Cir. 2000). Where jurisdiction is intertwined with the merits of the claims, the court must assume the truth of the allegations in the complaint unless they are controverted by undisputed facts in the record. Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (citing Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987)).

The pro se plaintiff in this case has alleged claims under the Civil Rights Act, 42 U.S.C. § 1983. As a general rule, the district court has subject matter jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1343. Defendant asserts an Eleventh Amendment bar.

The Supreme Court has described the Eleventh Amendment as a defense "partak[ing] of the nature of a jurisdictional bar" but not one that is jurisdictional in the sense that it must be raised and decided by court on its own motion. Patsy v. Bd. of Regents, 457 U.S. 496, 515 n.19 (1982). "Eleventh Amendment immunity 'does not implicate a federal court's subject matter jurisdiction in any ordinary sense'" and is to be treated as an affirmative defense to be raised and proved by the defendant. Tritchler v. County of Lake, 358 F.3d 1150, 1153-54 (9th Cir. 2004) (quoting ITSI TV Prods., Inc. v. Agric. Ass'ns, 3 F.3d 1289, 1291 (9th Cir. 1993)).

"Generally, the Eleventh Amendment shields state governments from money judgments in federal courts, and from declaratory judgments against the state governments that would have the practical effect of requiring the state treasury to pay money to claimants." Taylor v. Westly, 402 F.3d 924, 929-30 (9th Cir. 2005). In contrast, injunctions against state officers are not barred by the Eleventh Amendment because it is presumed that "no state could or would authorize a state officer to act contrary to the federal Constitution, so any such action would be ultra vires, and state sovereignty therefore cannot be offended by a federal judicial command to the state officer to conform his conduct to the Constitution in the future." Id. at 930 (citing Ex parte Young, 209 U.S. 123 (1908)).

In the present case, plaintiff seeks an injunction requiring the DMH to stop charging a copy fee in excess of $.10 per page and to implement all rules and regulations in accordance with state law. For purposes of defendant's motion to dismiss, the court assumes the truth of the allegations in the complaint and concludes that the Eleventh Amendment cannot shield defendant Mayberg from the injunction plaintiff seeks. If plaintiff prevails on his constitutional claims, the injunction will merely command the defendant to conform his conduct to the Constitution in the future. The court also concludes that the Eleventh Amendment cannot shield defendant Mayberg from plaintiff's request for a refund of all monies taken from his trust account in excess of $.10 per page for copies, with interest. "The State of California's sovereign immunity applies to the state's money. Money that the state holds in custody for the benefit of

private individuals is not the state's money, any more than towed cars are the state's cars." Taylor, 402 F.3d at 932. Plaintiff seeks the refund of money that was held for his benefit.

Defendant Mayberg has failed to demonstrate that he is entitled to Eleventh Amendment immunity against plaintiff's request for injunctive relief against unconstitutional conduct or against plaintiff's request for reimbursement of sums taken from his trust account for copy fees in excess of $.10 per page. To the extent that plaintiff has sued defendant Mayberg in his individual capacity, the Eleventh Amendment does not shield defendant Mayberg from plaintiff's prayer for punitive damages. For these reasons, defendant's motion to dismiss the complaint pursuant to Rule 12(b)(1) should be denied.

II. Rule 12(b)(6) of the Federal Rules of Civil Procedure

A motion brought pursuant to Rule 12(b)(6) is a challenge to the sufficiency of a pleading. For purposes of considering such a motion, the court accepts the allegations of the complaint as true. Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976). The court construes the complaint in the light most favorable to plaintiff and resolves all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).

Pro se pleadings must be held to a less stringent standard than those drafted by lawyers, and the court must liberally construe a pro se pleading. Haines v. Kerner, 404 U.S. 519, 520 (1972); Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir. 1996). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

In the present case, plaintiff alleges that the director of the DMH has authorized the taking of excess money from the trust accounts of DMH patients, in violation of the California Constitution and the Fourth, Fifth, and Fourteenth Amendments to the United States

Constitution. Plaintiff's claim is grounded on his contention that a fee of $.25 per page exceeds the amount permitted by the controlling statute, California Civil Code § 1798.33.

Section 1798.33, titled "Copies of records; fees," was enacted as part of California's Information Practices Act of 1977 and became operative on July 1, 1978. Cal. Civ. Code § 1798.33 (West 2005). For reasons discussed infra, it is important to note that the Act was codified as Chapter 1 of Title 1.8 in Part 4 of Division 3 of the Civil Code. Within Chapter 1, Article 8 governs access to records and administrative remedies, and § 1798.33 of Article 8 authorizes state agencies to charge fees for making copies of records. Section 1798.33 provides, in its entirety, as follows:

> Each agency may establish fees to be charged, if any, to an individual for making copies of a record. Such fees shall exclude the cost of any search for and review of the record, and shall not exceed ten cents ($0.10) per page, unless the agency fee for copying is established by statute.

Cal. Civ. Code § 1798.33 (West 2005). This statute has not been amended since 1978, when the legislature deleted a sentence concerning the amount to be charged by state colleges and universities for copying student transcripts.

The state's Health and Safety Code contains statutes that govern patient access to health records. The chapter containing these statutes applies to all health care providers, public and private. See Cal. Health & Safety Code §§ 123100 (declaring the right to health information) & 123105(a) & (d) (defining "health care provider" and "patient records") (West 2005). Section 123110 provides for the inspection and copying of patient records and related material. This section authorizes a fee for copying patient records "that shall not exceed twenty-five cents ($0.25) per page or fifty cents ($0.50) per page for records that are copied from microfilm." Cal. Health & Safety Code § 123110(b) (West 2005).

As a general rule of statutory construction, a specific provision takes precedence over general provisions in another statute which otherwise might be controlling. Fourco Glass Co. v. Transmirra Prods. Corp., 353 U.S. 222, 228-29 (1957); Collection Bureau of San Jose v.

Rumsey, 24 Cal. 4th 301, 310 (Cal. 2000). Defendant Mayberg advocates such a construction of the two competing statutes described above. California law appears to provide otherwise.

The chapter that contains § 123110(b) of the Health and Safety Code also contains the following statute:

> The Information Practices Act of 1977 (Title 1.8 (commencing with Section 1798) of Part 4 of Division 3 of the Civil Code) shall prevail over this chapter with respect to records maintained by a state agency.

Cal. Health & Safety Code § 123140 (West 2005).[1] As noted supra, § 1798.33 of the Civil Code is found in "Title 1.8 (commencing with Section 1798) of Part 4 of Division 3 of the Civil Code." Accordingly, § 1798.33, setting a maximum copying charge of $.10 per page, must prevail over § 123110(b) with respect to records maintained by the DMH, a state agency.

Construing plaintiff's pro se complaint in the light most favorable to him and resolving all doubts in his favor, the court finds that plaintiff may be able to prove a set of facts in support of his claims that will entitle him to relief. If California law limits the DMH to a copying charge to $.10 per page, plaintiff may prevail on his claim that defendant Mayberg used the authority of his office as director of the DMH to take money from the trust accounts of plaintiff and other DMH patients in violation of state law and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff's pro se complaint should not be dismissed for failure to state a claim upon which relief may be granted.

For purposes of defendant's assertion of entitlement to qualified immunity, the court accepts as true plaintiff's allegation that the defendant personally authorized the taking of funds from plaintiff by means of an illegally issued special order that increased the copy fee from $.10 to $.25 per page. Plaintiff's complaint includes a copy of the special order at issue. The document reveals that one of the authorities relied upon is "Section 123100 et seq. of the Health

---

[1] Sections 123110 and 123140 were both added to the Health and Safety Code in 1995 and were effective at the times relevant to this action.

10

and Safety Code." The statutes that follow § 123100 include § 123140, providing that § 1798.33 of the Information Practices Act of 1977 prevails over § 123110 with respect to records maintained by a state agency. Because §§ 123110 and 123140 were enacted eight years before the special order was issued and the special order itself cites § 123100 et seq., plaintiff's right to receive copies at a charge of $.10 per page appears to have been a clearly established statutory right of which a reasonable person would have known in 2003. Defendant has not established that he is entitled to qualified immunity.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's December 22, 2004 motion to dismiss be denied; and

2. Defendant be directed to file an answer within the time provided by Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 8, 2005.

/s/ Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
hubb2256.mtd