IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN HUBBS,

    Plaintiff,                          No. CIV S-04-2256 GEB DAD P

    vs.

STEVEN MAYBERG,

    Defendant.                       <u>ORDER</u>

_____/

        On July 8, 2005, the undersigned filed findings and recommendations addressing defendant's motion to dismiss. A copy of the filing was served on plaintiff at the address he had provided in a notice of change of address filed June 10, 2005. Plaintiff's copy of the findings and recommendations was returned to the court on July 21, 2005, marked undeliverable as addressed, unable to forward, and no updated address provided. In findings and recommendations filed on July 29, 2005, the undersigned recommended that this action be dismissed for plaintiff's failure to keep the court apprised of his current address.

        On August 1, 2005, the court received from plaintiff a request for a copy of the findings and recommendations filed July 8, 2005. In this filing plaintiff reveals that he was returned to Atascadero State Hospital on June 28, 2005. On August 2, 2005, the Clerk re-served the July 29, 2005 findings and recommendations on plaintiff at his new address but did not re-

serve the July 8, 2005 findings and recommendations. The copy of the findings and recommendations that was mailed to plaintiff on July 29, 2005, was subsequently returned to the court on August 8, 2005, marked return to sender, unable to locate. On August 10, 2005, the Clerk served another copy of the July 29, 2005 findings and recommendations on plaintiff at his new address but did not re-serve the July 8, 2005 findings and recommendations.

Plaintiff has filed objections to the findings and recommendations filed July 29, 2005. He denies being in violation of the Local Rules and asserts that the rules give him 60 days to file a notice of change of address. Plaintiff claims that the court had his correct address and was able to serve him with documents at that address on July 22, July 29, and August 2, 2005.

Plaintiff is in error. All documents served by the court between June 10, 2005, and August 1, 2005, were served on plaintiff at the Rancho Cucamonga address that became his address of record on June 19, 2005, and continued to be his address of record until the court received a document showing a new address on August 1, 2005. The court did not serve any document on July 22, 2005. The document served on July 29, 2005, was sent to plaintiff in Rancho Cucamonga and was returned to the court. The court served a document on plaintiff at the Atascadero address on August 2, 2005, because plaintiff had filed a document showing that address on August 1, 2005.

Local Rule 83-182(f) provides as follows:

> Each attorney appearing and each party appearing in propria persona is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the party if appearing in propria persona. Absent such notice, service of documents at the prior address of the attorney or party shall be fully effective. Separate notice shall be filed with the Clerk and served on all parties in each action wherein an appearance has been made.

Local Rule 83-182(f). By order served in this action on November 23, 2004, the parties were instructed as follows:

> Each party shall keep the court apprised of a current address at all times while the action is pending. Any change of address must be

2

reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." A notice of change of address must be properly served on other parties. Pursuant to Local Rule 83-182(d),[1] service of documents at the record address of a party is fully effective. Failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

(Order filed Nov. 23, 2004, at 5.)

In the interests of justice, the findings and recommendations filed July 29, 2005, will be vacated. Plaintiff is cautioned that future changes of address must be reported promptly and properly in accordance with the order filed November 23, 2004, and Local Rule 83-182(f).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 29, 2005 (docketed as #22) are vacated;

2. Plaintiff's requests filed August 1, 2005 (docketed as #23) and August 15, 2005 (docketed as #28) for a copy of the findings and recommendations filed July 8, 2005, is granted;

3. The Clerk of the Court shall serve a copy of the findings and recommendations filed July 8, 2005 (docketed as #19) upon plaintiff at his current address of record;

4. The Clerk of the Court shall also serve upon plaintiff a copy of the Local Rules of Court as revised January 3, 2005; and

5. Plaintiff is granted ten court days from the date of this order to file and serve a reply to the objections filed by defendant on July 22, 2005; this deadline will not be extended.

DATED: August 19, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
hubb2256.vac

---

[1] The Local Rules were revised effective January 3, 2005, due to the court's conversion to electronic filing. Former Local Rule 83-182(d) became Local Rule 83-182(f).