IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN HUBBS,

    Plaintiff,                      No. CIV S-04-2256 GEB DAD P

    vs.

STEVEN MAYBERG,

    Defendant.                  ORDER

/

       Plaintiff has filed a motion for appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's motion for appointment of counsel will therefore be denied.

       Plaintiff has renewed his request for an order requiring Atascadero State Hospital to permit him to possess all of his legal materials despite institutional limitations placed on the weight and volume of personal property that may be maintained by each patient.  Defendant is

1

not required to respond to this request except upon order of the court. <u>See</u> Order #10 filed Nov. 23, 2004, at 3. Plaintiff's first request for such an order was filed on November 18, 2004, and was denied without prejudice. <u>See</u> Order #9 filed Nov. 23, 2004.

In Order #9, the court advised plaintiff that requests for injunctive relief are governed by Local Rule 65-231. The court set out the provisions of Local Rule 65-231(d)(2) and explained to plaintiff that "[e]very request for an order mandating or prohibiting particular conduct by others must be supported by a brief on the legal issues presented by the request as well as a declaration under penalty of perjury in which the moving party demonstrates that he is likely to suffer an irreparable injury if the court does not grant the request." Order #9 filed Nov. 23, 2004, at 2. Plaintiff was advised that "every request for injunctive relief must be accompanied by proof that <u>all</u> affected parties and/or their counsel were notified of the request." <u>Id.</u> (citing Local Rule 65-231(a) and (d)(1)) (emphasis added). The court also set out the legal standards that apply to requests for injunctive relief. <u>Id.</u> at 2-3. Plaintiff's first request for injunctive relief was denied without prejudice to the filing of a motion that meets the requirements of Local Rule 65-231 and the legal standards set forth in the November 23, 2004 order. Despite the information provided, plaintiff's renewed request is not supported by a brief on the legal issues, a declaration demonstrating likelihood of irreparable injury, and evidence that all affected parties were provided with notice of the request. Moreover, plaintiff seeks an order excepting him from institutional limitations so that he can litigate cases pending in the California Court of Appeal, the United States District Court for the Central District of California, and the United States Court of Appeals for the Ninth Circuit. Plaintiff should seek an order from a court in which he can demonstrate that a threat of irreparable injury exists relative to his litigation in that court. Plaintiff's defective motion and requests will be denied.

Plaintiff has also filed a reply to defendant Mayberg's answer. Plaintiff objects to the answer as untimely pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure and requests that the court grant summary judgment in his favor. Rule 12(a)(1)(A) does not govern

1  the filing of an answer when a Rule 12 motion to dismiss is made by a defendant.  For that
2  reason, defendant was directed to file an answer within the time specified by Rule 12(a)(4)(A),
3  which is the applicable provision.  Defendant filed his answer well within the specified time
4  period.  Plaintiff's objection lacks merit, and the unauthorized reply will be disregarded.  <u>See</u>
5  Fed. R. Civ. P. 7 (specifying the pleadings permitted in federal civil cases and providing that "no
6  other pleading shall be allowed, except that the court may order a reply to an answer").

   Accordingly, IT IS HEREBY ORDERED that:

   1.  Plaintiff's September 22, 2005 motion for appointment of counsel is denied.

   2.  Plaintiff's motion filed September 22, 2005, and requests filed September 22, 2005, and September 23, 2005, for an order concerning legal materials are denied; and

   3.  Plaintiff's unauthorized reply to answer filed October 6, 2005, will be disregarded.

DATED: October 25, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13:bb
hubb2256.31